**Milford CUNNINGHAM, Petitioner–Appellant,**

v.

**Jimmy STEGALL, Warden, Respondent–Appellee.**

**No. 00–1819.**

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

Milford Cunningham, a pro se Michigan prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Cunningham of voluntary manslaughter and possessing a fire-arm during the commission of a felony. He was sentenced on February 29, 1996, to 10–15 years on the manslaughter conviction and a consecutive two years for felony firearm. The Michigan Court of Appeals affirmed Cunningham's conviction and sentence in an opinion issued on December 19, 1997, and the Michigan Supreme Court denied leave to appeal.

In his federal habeas corpus petition, Cunningham presented three grounds for relief: (1) the trial court's intemperate conduct and interference violated his rights to due process and a fair trial; (2) the trial court's interference with defense counsel's cross-examination violated his rights to present a defense and to confront witnesses; and (3) the trial court improperly sentenced him by violating the principle of proportionality and by failing to articulate reasons for exceeding the Michigan sentencing guidelines.

The district court denied Cunningham's petition in an opinion and order filed on June 23 and entered on June 26, 2000. A separate judgment was entered the same day. Cunningham's motion to alter or amend the judgment was denied in an order entered on September 19, 2000. The district court subsequently granted Cunningham's application for a certificate of appealability as to his issues numbered one and two. On appeal, Cunningham continues to argue the merits of those grounds for relief.

■ Upon review, we affirm the district court's judgment for the reasons stated therein. This court reviews *de novo* a district court's disposition of a habeas corpus petition. *Doan v. Brigano*, 237 F.3d 722, 729 (6th Cir.2001); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1415, 149 L.Ed.2d 356, 2001 WL 285959 (U.S. Mar. 26, 2001) (No. 00–8185). Pursuant to

§ 2254, relief may not be granted with respect to any claim adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *accord Doan,* 237 F.3d at 729.

Elaborating on the meaning of this statutory language, the Supreme Court held that a decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Court continued that an "unreasonable application" occurs when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. However, a federal court, on habeas review, may not find a state decision to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495.

■ Cunningham first argues that the trial judge's interference and bias denied him his right to due process and a fundamentally fair trial. He claims that the judge improperly interrupted defense counsel's opening statement and cross-ex-amination, made incorrect rulings, and made over 60 negative comments directed at his counsel during the trial, 45 of them in front of the jury. The Michigan Court of Appeals found that, while some of the judge's comments were improper, they did not, as a whole, deprive Cunningham of a fair trial.

■ This court recently considered an allegation of judicial bias in a § 2254 case. "Because judicial bias infects the entire trial process it is not subject to harmless error review." *Maurino v. Johnson,* 210 F.3d 638, 645 (6th Cir.), *cert. denied,* 531 U.S. 979, 121 S.Ct. 427, 148 L.Ed.2d 435 (2000); *see also Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 & n .8 (1967). "Instead, the court is required to assess whether the actions of the judge rose to the level of judicial bias. If the court determines that the actions resulted in a constitutional violation, then the court is required to overturn the state court decision. In reviewing claims of judicial bias, this court is guided by the decision in *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)." *Maurino,* 210 F.3d at 645. *Liteky,* in turn, holds:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from

an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.... *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as ... judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky*, 510 U.S. at 555–56, 114 S.Ct. 1147 (emphases in original).

When this case is examined in light of the standard quoted above, it is clear that the district court properly found that the Michigan Court of Appeals' resolution of Cunningham's judicial bias issue represented a reasonable application of constitutional law as set forth by the Supreme Court.

Cunningham also asserts that the trial judge's conduct violated his rights of confrontation and to present a defense. Specifically, he argues that he was improperly denied the right to conduct a recross-examination of three witnesses and was denied the right to call the officer in charge of the investigation as a witness.

 The Supreme Court has held that the Sixth Amendment right of confrontation is not absolute. "Trial judges retain great discretion to impose reasonable limits on the cross-examination of witnesses based on concerns such as harassment, prejudice, confusion of the issues, the witness's safety, and marginal relevancy." *Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir.1998) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)). The trial judge abuses this discretion when she allows some cross-examination of a prosecution witness, but does not permit defense counsel to expose the jurors to facts from which they could appropriately draw inferences relating to the reliability of the witness. *Norris*, 146 F.3d at 330 (citing *Delaware v. Fensterer*, 474 U.S. 15, 19, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985)). A review of the transcript shows that the trial judge did not overstep her discretion in this case.

 To the extent that Cunningham protests the trial judge's refusal to allow defense counsel to call the officer in charge of the investigation, the district court properly analyzed this claim under the Sixth Amendment's Compulsory Process Clause, rather than the Confrontation Clause, because that officer did not testify at trial. *See Cooper v. California*, 386 U.S. 58, 62 n. 2, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). The Compulsory Process Clause establishes, "at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). However, "more than mere absence of testimony is necessary to establish a violation of the right [to compulsory process].... [The defendant] must at least make some plausible showing of how [the witness's] testimony would have been both material and favorable to his defense." *United States v. Valenzuela–Bernal*, 458 U.S. 858, 866–67, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). Cunningham failed to make this showing. Therefore, the district court properly found that the state court's disposition of this issue was a reasonable application of constitutional law.

Accordingly, the district court's judgment, entered on June 26, 2000, is af-

firmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.